# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 91-cr-301-CEH-AAS

**RONALD EUGENE MATHIS**
_____/

## **ORDER**

This matter comes before the Court on Defendant Ronald Mathis' Unopposed Motion for Reduction in Sentence under Section 404 of the First Step Act of 2018. Doc. 1393. In the motion, Defendant seeks a reduction in his sentence to time served, followed by five years' supervised release, with an additional special condition of 120 days' home detention with appropriate exceptions for employment and medical care. The government does not oppose the relief requested.

A hearing on the motion was held May 11, 2022. Doc. 1398. The Court, having carefully considered the motion, the record, argument of counsel, and being fully advised in the premises, will grant Defendant's Motion for Reduction in Sentence, and enter an amended judgment re-sentencing Defendant to a term of time served, to be followed by five years' supervision with an additional special condition as to supervised release of 120 days' home detention.

## DISCUSSION

Defendant, who is now 63 years old, is serving a Life sentence at FCI Gilmer, in Glenville, West Virginia. *See* BOP Inmate Locator, Reg. No. 15685-018, https://www.bop.gov/inmateloc/. He has been incarcerated for over thirty years. In 1994, Defendant's sentence was imposed following a guilty verdict for which he was adjudicated guilty of conspiracy to possess to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count Five); possession with intent to distribute cocaine base in violation of § 841(a)(1) (Counts 11, 17, 18, 19, 29, 33); violation of 18 U.S.C. §§ 1962(c) and (d) (Counts One and Two); and violation of 21 U.S.C. § 848(a) (Count Three). Doc. 35. Defendant was sentenced to Life imprisonment, the minimum term permissible under the United States Sentencing Guidelines prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See* Doc. 1386 at 7, 23.

On December 22, 2021, Defendant, through counsel, filed an unopposed motion for reduction in his sentence to time served pursuant to Section 404 of the First Step Act of 2018, which made retroactive part of the Fair Sentencing Act of 2010. Doc. 1393. The U.S. Probation Office submitted an amended memorandum finding Mr. Mathis eligible for relief under the First Step Act. Doc. 1386. The Government agrees that Defendant is eligible for relief and does not oppose reduction of his sentence to time served.

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).

"Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before

3

August 3, 2010." *Id.* § 404(a); *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 758 (May 17, 2021). A district court has the authority to impose a reduced term of imprisonment if the movant did not receive the lowest statutory penalty available after application of the Fair Sentencing Act. *Jones*, 962 F.3d at 1303; *United States v. Russell*, 994 F.3d 1230, 1237 (11th Cir. 2021) ("[A] district court cannot reduce a movant's sentence if the sentence is already equal to the lowest statutory penalty that would have been available to him under the Fair Sentencing Act."). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c).

Here, it is undisputed that Defendant was sentenced for covered offenses and is eligible for a sentence reduction.[1] Based upon the Court's review of the motion, argument of counsel, and the record, the Court finds that a reduction

---

[1]  Counts 5, 17, 18, 19, 29, and 33 are "covered offenses" as defined by § 404 of the First Step Act. Doc. 1386. All the counts of conviction were grouped under USSG § 3D1.1(d) to form a single group and the guideline offense level was set by the "covered" crack counts pursuant to USSG § 2D1.1. PSR ¶ 41. Accordingly, this Court has the authority to reduce the sentence imposed on all counts. *See, e.g., United States v. Montgomery*, 6:03-cr-210, Doc. 342 at 5, n.2 (Order) (M.D. Fla. Nov. 25, 2020) ("Although Counts Two, Four, and Eight are not necessarily 'covered offenses,' other district courts have interpreted the FSA to allow a court to 'reduce sentences on all counts, including counts that charged offenses not "covered" under' the FSA. *United States v. Clarke,* No. 4:92-cr-4013-WS-CAS, 2019 WL 7499892, at *1 (N.D. Fla. Oct. 24, 2019); *see also United States v. Jefferson,* No. 3:03-cr-63-MHT, 2020 WL 4530470, at *3 (M.D. Ala. Aug. 6, 2020).").

in Defendant's sentence is appropriate and the Court will grant Defendant's motion.

A district court may properly "consider evidence of a defendant's post[-]sentencing rehabilitation at resentencing." *Pepper v. United States*, 562 U.S. 476, 504 (2011). In over three decades of incarceration, Defendant has not incurred a single disciplinary infraction. Doc. 1386 at 5. Defendant has been incarcerated for three decades, which weighs in favor of finding that his sentence reflects the seriousness of the offense, he has been justly punished, and the punishment promotes respect for the law. Although the Court finds Defendant unlikely to reoffend, his five-year term of supervised release should effectively deter any risk of recidivism. Defendant has a release plan in place that includes a stable residence, employment plans, and the support of numerous family and community members. In accordance with this Court's Order (Doc. 1395), the U.S. Probation Office has investigated and approved his release plan. Doc. 1397.

Based on the Court's review of the file and consideration of the motion and the 18 U.S.C. § 3553(a) factors,[2] the Court will exercise its discretion to

---

[2] Section 3553(a) requires a sentencing court to consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(2). It also requires the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), the sentencing range

reduce Defendant's sentence to time served, to be followed by five years' supervised release, with an additional special condition of 120 days' home detention with appropriate exceptions for employment and medical care.[3]

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Reduction in Sentence Under the First Step Act of 2018 (Doc. 1393) is **GRANTED**.

2. Defendant's *pro se* Motion, Doc. 1373, is **DENIED AS MOOT**.

3. Defendant's sentence is reduced to a term of **TIME SERVED**, to be followed by five years' supervision, with an additional special condition as to supervised release of 120 days' home detention. All other terms and conditions of the original judgment shall remain in effect.

4. There being a verified residence and an appropriate release plan in place, Defendant Ronald Mathis shall be released as soon as appropriate

---

established by the sentencing guidelines, § 3553(a)(4)(A), and the need to avoid unwarranted sentencing disparities, § 3553(a)(6).

[3] Defendant was originally sentenced to Life imprisonment to be followed by four years' supervision. Doc. 35 at 3. This Court has the authority to now impose a five-year term of supervision as requested by the parties. *See United States v. Edwards*, 997 F.3d 1115, 1121 (11th Cir. 2021) (explaining that "[s]o long as a defendant's overall 'sentence' is 'reduced,' . . . the authority that § 404(b) confers is broad enough to empower a court to impose a new term of supervised release."). Mr. Mathis requested and consents to the imposition of a period of 120-days' home detention as a special condition of supervised release. *See* Fed. R. Crim. P. 32.1(c)(2)(A).

6

travel arrangements are made and it is safe for him to travel. There shall be no delay in ensuring travel arrangements are made.

     5.    The Court will enter an Amended Judgment consistent with this Order.

**DONE AND ORDERED** in Tampa, Florida on May 12, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of record
Unrepresented parties, if any